cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hamid Behrazfar,  )<br>  )<br>         Plaintiff,  )<br>v.  )<br>  )<br>U.S. Department of Homeland Security, et al.,  )<br>  )<br>         Defendants.  )<br>  ) | Civil No.06cv0128 BTM (AJB)<br><br>Report and Recommendation<br>Recommending Dismissal of Action for<br>Failure to Prosecute and for Failure to State<br>a Claim<br>[Doc. No. 9] |

On December 15, 2006, the Court convened an Order to Show Cause Hearing in the above entitled action. The hearing was set for Plaintiff to show cause why a recommendation to dismiss this case should not issue. The hearing was set as a result of Plaintiff's failure to respond to Defendant's Motion to Dismiss/Summary Judgment and upon learning that the Plaintiff had relocated and had failed to advise the Court and defense counsel of his current whereabouts.

Following the hearing, the Plaintiff was ordered to submit an opposition to Defendant's motion and/or a proposed first amended complaint on or before January 16, 2007.[1] Plaintiff was advised that a failure to submit an opposition could be construed as grounds to grant Defendants' motion. As of the date of this Order, the Court has not received Plaintiff's Opposition to Defendant's motion or a proposed first amended complaint. Despite Plaintiff's failure to oppose, the Court has considered Defendants'

---

[1] See this Court's Order of December 15, 2006, Doc. No. 11.

motion on the merits. As such, this Court hereby RECOMMENDS that this case be dismissed pursuant to Local Civil Rule 41.1(a) and Fed. R. Civ. P. 41(b) for failure to prosecute, for failure to state a claim, and for failure to comply with the Court's December 15, 2006 Order to file an opposition to Defendant's motion and/or a proposed first amended complaint on or before January 16, 2007.

### DISCUSSION

A.   ***Motion to Dismiss***

Fed. R. Civ. P. 41(b) and Local Civil Rule 41.1(a) provide that a defendant may move for dismissal of an action or of any claim if the plaintiff fails to proceed within a specified time or fails to comply with the rules or any order of court.

*1.   Lack of Personal Jurisdiction from Failure to Effectuate Service*

Defendants must be served in accordance with the requirements of Rule 4 in order for the court to exercise personal jurisdiction over the defendants. *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982). Neither actual notice nor simply naming the defendant in the complaint is sufficient for personal jurisdiction unless substantial compliance with Rule 4 is met. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Personal service is also necessary to obtain personal jurisdiction over a defendant sued in his individual capacity. *Johnson v. Horne*, 875 F.2d 1415, 1424 (9th Cir. 1989).

Under Rule 4(i)(1), service on the United States is effectuated by delivering a copy of the summons and complaint to both the United States Attorney for the district in which the action is brought and by also mailing a copy of the summons and complaint to the Attorney General in Washington, D.C. Fed. R. Civ. P. Rule 4(i); *Vaccaro v. Dobre,* 81 F.3d 854, 856 (9th Cir. 1996).

Plaintiff has not served the United States Attorney nor the Attorney General. [Decl. Of Mary Wiggins, ¶¶ 4-5; Return of Service Forms, Clerk's Docket Nos. 6-8]. Therefore, neither the Department of Homeland Security (DHS) nor the individual defendants sued in their official capacities are deemed to have been served. *See* Fed. R. Civ. P. 4(i)(2)(A). The Court finds that Plaintiff's failure to effectuate

service properly deprives this Court of personal jurisdiction over the Defendants.

### 2.  *Failure to Meet Complaint Service Deadline*

Rule 4(m) requires that a complaint must be served within 120 days of its filing with the court. Fed. R. Civ. P. 4(m).  Rule 4(m) requires a two-step analysis.  First, if the plaintiff shows good cause for the delay, then the court is required to grant an extension of time for service of the complaint. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007).  However, if the plaintiff fails to show good cause, then the court has the discretion to grant an extension of time or dismiss the complaint without prejudice. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

The Plaintiff in this case filed his complaint on January 19, 2006.  On December 15, 2006, the Court convened an Order to Show Cause Hearing as a result of Plaintiff's failure to respond to Defendant's Motion to Dismiss/Summary Judgment.  To date, more than one year has passed since the filing of the complaint.  As of the date of this Order, Plaintiff has failed to show cause as to why a time extension should be granted for service of the complaint.  Thus, this Court finds that the Complaint should be dismissed pursuant to Rule 4(m).

### 3.  *Failure to State a § 1983 Claim*

42 U.S.C. § 1983 provides a remedy only where a person acting under color of law of any state or territory or the District of Columbia deprives a person of his constitutional rights. *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987).  In order to violate § 1983, the defendant must have acted "under color of state law" and deprived the plaintiff of his rights under federal law. *Cabrera v. Martin*, 973 F.2d 735, 741 (9th Cir. 1992).  A violation of § 1983 does not occur if federal officials are acting under color of federal law. *Dale-Murphy*, 827 F.2d at 355.

Plaintiff has alleged § 1983 claims against Mr. Lusche and Mr. Rapp. [Complaint at 1-2].  In his complaint, Plaintiff alleged that both Mr. Lusche and Mr. Rapp were acting in their official capacities as DHS employees at the time they committed the acts which formed the basis for Plaintiff's complaint.

Because Plaintiff has alleged that Defendants were acting in their official capacities under federal law, Plaintiff has failed to state a § 1983 claim against either Mr. Rapp or Mr. Lusche.

Even if the Court were to construe the Plaintiff's action as a *Bivens*[2] suit, Plaintiff's complaint still fails to state a proper cause of action. A *Bivens* action is an action against a federal employee in his individual capacity who is alleged to have engaged in some illegal or inappropriate conduct in violation of a clearly established constitutional right. *Balser v. Dep't of Justice, Office of U.S. Trustee*, 327 F.3d 903, 909 (9th Cir. 2003).

Here, Plaintiff has alleged claims against Mr. Rapp and Mr. Lusche in their official rather than individual capacities. Because a *Bivens* action cannot be maintained against federal officers acting in their official capacities, there is no basis for a *Bivens* action.

Based on the foregoing analysis, the Plaintiff's claims against Mr. Rapp and Mr. Lusche must be dismissed for failure to state a proper claim under 42 U.S.C.§ 1983 and for lack of subject matter jurisdiction.

## **CONCLUSION**

Based on all the foregoing reasons, the Court recommends that the defendant's motion to dismiss be granted. Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case. Any party may file written objections with the Court and serve a copy on all parties by ***March 28, 2007***. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by ***April 11, 2007***. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

---

[2] In this case, the Supreme Court established an implied private right of action against federal officials for tortious deprivations of constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* claims are limited to federal officials who are brought into court for violating the federal Constitution. *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1383 (9th Cir. 1998).

§ 636(b)(1)(C). The parties are advised that failure to file Objections within the specified time may waive the right to appeal the Order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.1991).

IT IS SO ORDERED.

DATED: March 8, 2007

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court